**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1050**

CYNTHIA LEE,

              Plaintiff - Appellant,

         v.

FAIRFAX COUNTY SCHOOL BOARD; Dr. JACK DALE, former
Superintendent; Dr. PHYLLIS PAJARDO, Assistant
Superintendent; JAMEY CHIANETTA, Principal,

              Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony J. Trenga,
District Judge. (1:14-cv-01116-AJT-TCB)

Submitted: August 10, 2015          Decided: August 18, 2015

Before KING and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher E. Brown, THE BROWN LAW FIRM, PLLC, Alexandria,
Virginia, for Appellant. Mary McGowan, Robert M. Falconi,
BLANKINGSHP & KEITH, P.C., Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Lee challenges the district court's order granting the Fairfax County Public School (FCPS) Board's motion for summary judgment and dismissing Lee's complaint alleging that the FCPS Board and FCPS employees (collectively, "Appellees") violated Lee's civil rights under 42 U.S.C. §§ 1981, 1983 (2012), and her procedural due process rights under the Fourteenth Amendment, and engaged in defamation and wrongful termination under Virginia state law. Lee argues that her claims are not barred by her prior settlement agreement with FCPS because she entered the agreement under duress and the agreement is unconscionable. We affirm.

We review the grant or denial of summary judgment de novo. Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 330 (4th Cir. 2009). All facts and reasonable inferences are viewed "in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power

2

Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

We first review Lee's claim that her settlement agreement should be set aside because she entered it under duress. Under Virginia law, "[d]uress is not readily accepted as an excuse, and must be proven by clear and convincing evidence." Pelfrey v. Pelfrey, 487 S.E.2d 281, 284 (Va. Ct. App. 1997) (internal quotation marks omitted). "Duress exists when a defendant commits a wrongful act sufficient to prevent a plaintiff from exercising his free will, thereby coercing the plaintiff's consent." Goode v. Burke Town Plaza, Inc., 436 S.E.2d 450, 452 (Va. 1993). Virginia courts have been particularly hesitant to accept the exertion of economic pressure as a form of duress. See id. at 452-53 ("Because the application of economic pressure by threatening to enforce a legal right is not a wrongful act, it cannot constitute duress."); Seward v. Am. Hardware Co., 171 S.E. 650, 662 (Va. 1933) ("A contract reluctantly entered into by one badly in need of money without force or intimidation and with full knowledge of the fact is not a contract executed under duress.").

We have reviewed the record and found no evidence of duress. Lee fails to show that FCPS engaged in any wrongful conduct in the negotiation of the agreement, and her financial

3

hardship, standing alone, is insufficient to invalidate a contract due to duress under Virginia law.

We next consider whether the settlement agreement should be invalidated as unconscionable. Traditionally, for a contract to be unconscionable, it must have been "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." Chaplain v. Chaplain, 682 S.E.2d 108, 113 (Va. Ct. App. 2009) (internal quotation marks omitted). In other words, "'[t]he inequality must be so gross as to shock the conscience.'" Id. (quoting Smyth Bros. v. Beresford, 104 S.E. 371, 382 (Va. 1920)).

Unconscionability has both a substantive and procedural element. Id. at 114. The former requires a "gross disparity in the value exchanged." Id. at 113 (internal alterations and quotation marks omitted). The latter necessitates inequity and bad faith in "the accompanying incidents . . . , such as concealments, misrepresentations, undue advantage, oppressions on the part of the one who obtains the benefit, or ignorance, weakness of mind, sickness, old age, incapacity, pecuniary necessities, and the like." Id. at 114 (internal quotation marks omitted).

We conclude that neither element is present in the settlement agreement before this court. In exchange for releasing her claims against Appellees, Lee avoided termination

4

for incompetence (for which she could have lost her teacher's license), retained a position at FCPS, wiped her record clean, received a neutral reference from FCPS, and could resign with only five-days notice if she were to obtain new employment. In negotiating these benefits, Lee was represented by counsel. As a result, the district court properly refused to invalidate the settlement agreement due to unconscionability.

Because Lee does not contend that any of her claims were beyond the scope of her settlement agreement, we affirm the district court's judgment. We also deny as moot her motion to reconsider our order denying her motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED